UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARLO THOMAS,

     Petitioner,                                            2:17-cv-00475-RFB-VCF

vs.

                                                        **ORDER**

TIMOTHY FILSON, *et al.*,

     Respondents.

_____/

      This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Marlo Thomas, a Nevada prisoner under sentence of death. On February 14, 2017, Thomas filed a *pro se* habeas corpus petition (ECF No. 1), along with an application for leave to proceed *in forma pauperis* (ECF No. 4), and a motion for appointment of counsel (ECF No. 5).

      On May 16, 2017, the Court granted Thomas' application for leave to proceed *in forma pauperis*, but did not waive the payment of the filing fee, which Thomas had already made. *See* Order entered May 16, 2017 (ECF No. 6).

      In addition, on May 16, 2017, the Court granted Thomas' motion for appointment of counsel. *See id*. The Court appointed the Federal Public Defender for the District of Nevada (FPD) to represent Thomas. *See id*. The Court ordered the FPD to file a notice of appearance as counsel for petitioner or a notice indicating its inability to represent petitioner in these proceedings. *See id*. The

Court ordered that if the FPD is unable to represent Thomas, due to a conflict of interest or other reason, then alternate counsel will be appointed. *See id*.

In the May 16, 2017, order, the Court also directed the Clerk of the Court to serve Thomas' petition upon the respondents, and ordered respondents to appear. *See id*. The respondents appeared on May 23, 2017. *See* Notice of Appearance for Respondents (ECF No. 7).

On June 16, 2017, the FPD filed a Notice of Conditional Acceptance of Appointment as Counsel for Petitioner and Disclosure of Conflict (ECF No. 8). In that filing, the FPD discloses that it has a conflict with respect to the representation of Thomas, in that certain current and former employees of the FPD worked on Thomas' case in state court, but that Thomas wishes to be represented by the FPD in this federal habeas corpus action, and has executed a waiver of the conflict. *See* Notice of Conditional Acceptance of Appointment as Counsel for Petitioner and Disclosure of Conflict (ECF No. 8). The FPD describes the measures it has taken, with respect to the current FPD employees who worked on Thomas' case, to ameliorate the effects of the conflict, and the FPD has filed a copy of a memorandum regarding those measures. *See id*. The Court has examined the notice filed by the FPD (ECF No. 8), as well as the memorandum regarding the measures taken by the FPD with respect to the conflict (ECF No. 8-1), and the waiver signed by Thomas (ECF No. 8-2). The Court accepts the waiver.

Pursuant to Federal Rule of Civil Procedure 16(b), the Rules Governing Section 2254 Cases in the United States District Courts, and Local Rule 16-1, the Court sets the following schedule for further proceedings in this action:

1. **Amended Petition**. If necessary, petitioner shall file and serve an amended petition for a writ of habeas corpus within 60 days after the entry of this order. The amended petition shall specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition shall state how, when, and where that occurred. If petitioner determines that an amended petition need not be filed, then, within the time for the filing of an amended petition, petitioner shall file and serve a statement to that effect.

      2.      **Response to Petition**.  Respondents shall have 60 days following service of the amended petition to file and serve an answer or other response to the amended petition.  If petitioner does not file an amended petition, respondents shall have 60 days following the due-date for the amended petition to file and serve an answer or other response to the original petition.

      3.      **Reply and Response to Reply**.   Petitioner shall have 45 days following service of an answer to file and serve a reply.  Respondents shall thereafter have 30 days following service of a reply to file and serve a response to the reply.

      4.      **Briefing of Motion to Dismiss**.  If respondents file a motion to dismiss, petitioner shall have 30 days following service of the motion to file and serve an opposition to the motion. Respondents shall thereafter have 30 days following service of the opposition to file and serve a reply.

      5.      **Discovery**.  If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied without prejudice on that basis.  Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.  If the court grants petitioner leave to conduct discovery, the court will then establish time limits for the completion of the authorized discovery.

      6.      **Evidentiary Hearing**.  If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from,  the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied without prejudice on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of

28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record.  If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

   7. **Status Reports and Status Conferences**.  The court may from time to time, as the need arises, schedule status conferences, and/or require the filing and service of status reports, in order to manage the progress of this action.

   **IT IS SO ORDERED**.

   DATED this 14th day of July, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE