UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARLO THOMAS,

    Petitioner,

v.

TIMOTHY FILSON, *et al.*,

    Respondents.

Case No. 2:17-cv-00475-RFB-VCF

**ORDER**

Before the Court in this capital habeas corpus action is a motion filed by the petitioner, Marlo Thomas, requesting that the action be stayed while he exhausts claims in state court (ECF No. 27). The Court will grant that motion, and stay this case while Thomas completes his state-court litigation.

Thomas was convicted of two counts of first degree murder, and other crimes, for the murders of Carl Dixon and Matthew Gianakis. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 11), pp. 3-12. After a direct appeal, a state habeas action, then a re-sentencing, followed by a further direct appeal and state habeas action, Thomas initiated this federal habeas corpus action on February 14, 2017. *See id.* The Court appointed the Federal Public Defender for the District of Nevada (FPD) to represent Thomas (ECF No. 6), and, on August 1, 2017, with counsel, Thomas filed an amended habeas petition (ECF No. 11).

Thomas filed his motion for stay on October 26, 2017 (ECF No. 27). Respondents filed an opposition to the motion, and Thomas filed a reply (ECF Nos. 35, 40).

Thomas represents that he "filed an exhaustion petition in state court on October 20, 2017…." *See* Motion for Stay (ECF No. 27), p. 3.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

*Rhines* does not state, or suggest, that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay is permitted. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims. Thomas focuses in his motion for a stay on Claims 13 and 14 of his amended petition. The Court addresses only Claims 13 and 14.

Claims 13 and 14 are claims that Thomas' federal constitutional rights were violated as a result of ineffective assistance of his trial counsel. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 11), pp. 98-145. Thomas states that Claims 13 and 14 are unexhausted in state court. *See id.* at 126, 145. Thomas has shown – and Respondents do not appear to dispute – that his amended petition is a "mixed petition," meaning it contains both exhausted and unexhausted claims. A federal court may not

grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).

With regard to the question of cause for his failure to exhaust Claims 13 and 14 in his previous state habeas actions, Thomas asserts that the attorneys who handled his state habeas actions performed ineffectively, failing to present the claims of ineffective assistance of counsel in Claims 13 and 14. Motion for Stay and Abeyance (ECF No. 27), pp. 4, 7-8.

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S.Ct. at 1320. In *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), the court of appeals held that the sort of ineffective assistance in an initial-review collateral proceeding described in *Martinez* can be good cause for a *Rhines* stay. *See Blake*, 745 F.3d at 982-84.

Here, the Court finds that Thomas has shown good cause, under *Rhines*, for his failure to fully exhaust Claims 13 and 14 in state court. The Court finds, further, that Claims 13 and 14 are at least potentially meritorious. And, the Court finds that there is no showing that Thomas has engaged in intentionally dilatory litigation tactics. Therefore, the requirements for a stay of this action pending exhaustion of Thomas' claims in state court, as set forth in *Rhines*, are satisfied.

In exercising its discretion to grant the stay, the Court takes into account the Nevada Supreme Court's holding in *Crump v. Warden*, 113 Nev. 293, 934 P.2d 247 (1997), under which there is a possibility that the Nevada courts may consider, on their merits, Thomas' unexhausted claims, upon a showing of ineffective assistance of Thomas' prior post-conviction counsel.

The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Thomas' exhaustion of claims in state court. Thomas must exhaust all of his unexhausted claims in state court during the stay imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Stay and Abeyance (ECF No. 27) is **GRANTED**. This action is **STAYED**, while Petitioner exhausts, in state court, his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that, on or before December 15, 2018, Petitioner shall file and serve a status report, describing the status of his state-court proceedings. Thereafter, during the stay of this action, Petitioner shall file such a status report every 6 months (on or before June 15, 2019; December 15, 2019; etc.). Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service. If necessary, Petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that, following the conclusion of Petitioner's state court proceedings, Petitioner shall, within 30 days, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by Respondents if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

DATED: August 23, 2018.

RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE

4